IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

WILLIAM HASKINS,                    )
                                    )
            Movant,                 )
                                    )
v.                                  )        Civil Action Nos.   1:16-05523
                                    )        Criminal Action No. 1:95-00072
UNITED STATES OF AMERICA,           )
                                    )
            Respondent.             )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence by A Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Document Nos. 798 and 799), filed on June 20, 2016. By Standing Order, this matter was referred to the undersigned for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 800.)

## FACTUAL BACKGROUND

**1.    Criminal No. 1:95-0072-07:**

On October 10, 1995, Movant pled guilty to distributing crack and aiding and abetting the distribution of crack in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Criminal No. 1:95-0072-07, Document No. 179.) Movant was sentenced on February 8, 1996. (Id., Document Nos. 272, 273, 300.) The District Court concluded that Movant was accountable for the distribution of 575 grams of cocaine base and found his base offense level to be 36. (Id.) The District Court added two offense levels for Movant's possession of a dangerous weapon during a drug trafficking crime, three offense levels for his managerial role in the offense and two offense levels for obstruction of justice. (Id.) The Court subtracted two offense levels for Movant's

acceptance of responsibility. (Id.) The District Court determined that Movant's total offense level was 41 and as a career criminal his Criminal History Category was VI making Movant eligible for sentencing in the range of 360 months to life. (Id.) The District Court sentenced Movant to 420 months in prison. (Id., Document Nos. 273 and 277.) Movant appealed his sentence, and on July 10, 1998, the Fourth Circuit affirmed Movant's sentence. United States v. Haskins, 155 F.3d 562, 1998 WL 393990 (4th Cir.(W.Va.)). Petitioner did not file a Petition for a Writ of Certiorari in the United States Supreme Court.

**2.      First Section 2255 Motion:**

On December 29, 2000, Movant filed a Petition to Set Aside Guilty Plea thus initiating Civil Action No. 1:00-1225. (Criminal No. 1:95-0072-07, Document No. 414.) United States Magistrate Judge Mary S. Feinberg filed Proposed Findings and Recommendation on February 15, 2001, considering Movant's Petition a Motion to Vacate, Set Aside and Correct Sentence filed pursuant to 28 U.S.C. § 2255 and recommending that Movant's Motion be dismissed as untimely because it was filed more than one year after the date the judgment of conviction became final. (Id., Document No. 420.) Movant filed objections on March 2, 2001. (Id., Document No. 421.) By Order entered on January 23, 2003, the District Court adopted Magistrate Judge Feinberg's Proposed Findings and Recommendation. (Id., Document No. 487.)

**3.      Second Section 2255 Motion:**

On June 27, 2001, Movant filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the Northern District of Georgia seeking to challenge the constitutionality of his February 8, 1996, conviction in the Southern District of West Virginia. (Id., Document No. 426.) United States Magistrate Judge Gerrilyn G. Brill determined

that the Movant's Petition should be considered a Motion filed under 28 U.S.C. § 2255 and transferred the case to the Southern District of West Virginia. (Id.) The case was designated 1:01-0637 in this District. (Id.) On September 17, 2001, United States Magistrate Judge Mary S. Feinberg filed Proposed Findings and Recommendation recommending that the case be dismissed because it constituted a second or successive § 2255 proceeding and was initiated without authorization of the United States Court of Appeals for the Fourth Circuit. (Id., Document No. 444.) Movant filed objections on October 5, 2001, claiming that the Court's characterization of his Petition as a § 2255 Motion was improper and disputing the Court's jurisdiction. (Id., Document No. 445.) By Judgment Order entered on September 22, 2003, the District Court overruled Movant's objections, adopted Magistrate Judge Feinberg's findings and recommendation and dismissed Movant's Petition. (Id., Document No. 558.)

4.     **First Section 3582 Motion:**

On September 10, 2002, Movant filed a Motion for Modification of Sentence pursuant to 18 U.S.C. § 3582(c) thus initiating Civil Action No. 1:02- 134. (Id., Document No. 481.) Movant claimed that "his sentence was imposed based upon a misapplication of the Guidelines, therefore, the court should resentence movant under the correct base offense level applicable for his alleged crime." (Id.) Specifically, Movant asserted that "the government failed to prove by a preponderance of the evidence that the substance defendant was charged and convicted with was 'crack' and therefore the enhanced sentence was error" and his base offense level should have began at the base offense level 12, not 36 as the P.S.I. held, and the court utilized as the starting point for the sentence." (Id.) United States Magistrate Judge R. Clarke VanDervort entered Proposed Findings and Recommendation on October 28, 2002, concluding that Movant raised

issues typically considered upon applications under 28 U.S.C. § 2255, not under § 3582, and recommending dismissal. (Id., Document No. 485.) On February 10, 2003, the District Court adopted Judge VanDervort's Proposed Findings and Recommendation and dismissed Movant's Motion. (Id., Document No. 488.)

5.      **Second Section 3582 Motion:**

On June 19, 2003, Movant filed a Motion for Modification of Sentence pursuant to 18 U.S.C. § 3582(c) thus initiating Civil Action No. 1:03- 0558. (Id., Document No. 534.) In his Motion, Movant requested that the "court give retroactive effect to Amendment 506 and 567 under U.S.S.G. § 1B1.10(c) and reduce his sentence from 420 months to 210 - 262 months." (Id.) By Proposed Findings and Recommendation entered on May 17, 2006, Judge VanDervort recommended that Movant's Motion be denied. (Id., Document No. 655.) Movant filed his Objections on June 8, 2006. (Id., Document No. 658.) By Memorandum Opinion and Order entered on July 31, 2006, the District Court adopted Judge VanDervort's recommendation and dismissed Movant's Motion. (Id., Document No. 659.)

6.      **Third Section 3582 Motion:**

On August 26, 2008, Movant filed a Motion for Retroactive Application of Sentencing Guidelines regarding his Crack Cocaine Offense pursuant to 18 U.S.C. § 3582. (Id., Document No. 662.) By Order entered on March 16, 2009, the District Court designated Movant for standard consideration and appointed counsel. (Id., Document No. 673.) The United States filed its Response to Movant's Motion on March 23, 2009. (Id., Document No. 675.) By Order entered on April 27, 2010, the District Court denied Movant's Motion finding that "defendant's sentencing range has not been lowered as a result of the amendment." (Id., Document No. 701.)

**7.      Fourth Section 3582 Motion:**

On November 10, 2011, Movant filed a Motion for Retroactive Application of Sentencing Guidelines regarding his Crack Cocaine Offense pursuant to 18 U.S.C. § 3582. (Id., Document No. 708.) By Order entered on November 29, 2011, the District Court designated Movant for standard consideration and appointed counsel. (Id., Document No. 709.) The United States filed its Response to Movant's Motion on December 6, 2011. (Id., Document No. 711.) By Memorandum Opinion and Order entered on August 31, 2012, the District Court denied Movant's Motion finding that "[d]efendant was sentenced as a career offender." (Id., Document No. 726.) The District Court noted that Movant argued he was improperly classified as a career offender at his original sentencing. (Id.) Therefore, the District Court noted that "[i]f defendant wishes to pursue this claim, he should contact the Clerk's Office regarding his desire to pursue a habeas case." (Id.) Movant filed a Notice of Appeal. (Id., Document No. 717.) On April 22, 2013, the District Court entered a "Rule 24 Order" denying Movant's motion to proceed on appeal in forma pauperis. (Id., Document No. 732.) On May 1, 2013, Movant filed a Motion for Reconsideration requesting that the Court reconsider its "Rule 24 Order denying forma pauperis April 22, 2013, and the court's denial of William Haskins, 18 U.S.C. § 3582(c)(2), to reduce his sentence based upon a subsequent reduction in the applicable sentencing guideline." (Id., Document No. 733.) On May 28, 2013, Movant filed a Motion to Amend/Correct his Motion for Reconsideration. (Id., Document No. 737.) Specifically, Movant stated that "[t]his Motion Rule 15(a) is to Amend or Add to Def. Haskins' Motion for Reconsideration under Rule 59(E) that was filed May 1, 2013, which stem from the Rule 24 Order that was denied April 22, 2013." (Id.) On June 3, 2013, Movant filed an additional Motion to Amend. (Id., Document No. 740.) By

Order entered on December 3, 2014, the District Court denied Movant's Motion for Reconsideration. (Id., Document No. 763.)

**8.    Third Section 2255 Motion:**

On May 17, 2013, Movant filed a document entitled "Fed. R. Civ. P. 15(A) Motion to Amend." (Id. Document No. 734.) The Court construed Movant's Motion as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, thereby initiating Civil Action 1:13-11643. (Id.) In his Motion, Movant argued as follows:

> The Court committed manifest error by sentencing Defendant (Haskins) to 575 grams of cocaine base (crack). While the indictment held no amount of drugs, Defendant plead guilty and admitted to 19.72 grams of cocaine base (crack) do to the judicial involvement and stipulation of the amount 19.72 grams in the plea colloquy by Honorable Judge David A. Faber, Prosecutor John C. Parr and Defendant's Attorney Gerald Needum (Plea Colloquy TR: Pg. 25, Line 10 threw 25/pg. 26 Line 1 threw 2). Defendant ask this Honorable Court for 18 to 1 considerations on the 19.72 grams that was stipulated to in the plea hearing and immediate release being as it would be time served.

On May 28, 2013, Movant filed a Motion to Dismiss his Section 2255 Motion. (Id., Document No. 738.) Movant explains that he does not wish for his "Fed. R. Civ. P. 15(A) Motion to Amend" to be construed as a Section 2255 Motion. (Id.) Movant states that he intended the "Fed. R. Civ. P. 15(A) Motion to Amend" to be filed as a Motion to Amend his Motion for Reconsideration filed in Criminal Action No. 1:95-0072. (Id.) By Proposed Findings and Recommendation entered on June 3, 2013, Judge VanDervort recommended that the District Court grant Movant's Motion to Dismiss, dismiss his Section 2255 Motion, and file a copy of Movant's "Fed.R.Civ.P. 15(A) Motion to Amend" as a Motion to Amend his Motion for Reconsideration. (Id., Document No. 739.) By Memorandum Opinion and Order entered on April 23, 2014, the District Court adopted Judge VanDervort's recommendation and dismissed

Movant's Section 2255 Motion. (Id., Document Nos. 749 and 750.)

**9.      Motion for Immediate Release:**

On June 21, 2013, Movant filed a letter-form Motion for Immediate Release. (Id., Document No. 741.) Specifically, Movant argued that he was entitled to immediate release pursuant to Alleyne v. United States, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) because his sentence was improperly enhanced based upon 575 grams of cocaine base, obstruction of justice, possession of a firearm, and his leadership role. (Id.) By Memorandum Opinion and Order entered on April 22, 2014, the District Court denied Movant's above Motion. (Id., Document No. 748.) The District Court determine that "Alleyne is not applicable here because the aforementioned sentencing enhancements did not increase the mandatory minimum sentence to which Haskins was subject." (Id.) The District Court further explained that "Haskins' reliance on Alleyne is unavailing because the rule announced therein has not been made retroactive by the Supreme Court to cases on collateral review." (Id.)

**10.      Fourth Section 2255 Motion**

On August 8, 2013, Movant filed his fourth Section 2255 Motion. (Id., Document No. 743.) As grounds for relief, Movant argues as follows: (1) The District Court erred in determining the quantity of drugs (Id., p. 4.); (2) The District Court improperly enhanced his sentence for possession of a firearm (Id., pp. 5 - 8.); (3) The offense charged in Count 21 of the Indictment was duplicitous (Id., pp. 8 - 14, 20 - 22.); (4) "Movant is entitled to a reduction in his term of confinement based upon retroactive amendments to the federal sentencing guidelines" (Id., pp. 14 - 16.); (5) The District Court improperly applied a leadership role enhancement (Id., pp. 16 - 19.); (6) Movant is innocent of Count 21 based upon the Watson decision (Id., pp. 19   -

20.); (7) The government breach the plea agreement because the government "stipulated that Movant was only pleading guilty to possession of 19 grams of narcotics" (Id., pp. 22 - 25.); (8) "The Court impermissibly induced a plea to 19 grams, only to hold Movant responsible at sentencing to 575 grams" (Id., pp. 25 - 26.); (9) "The Court impermissibly induced a plea that the firearms would not be considered at sentencing only to employ the firearms for an unreasonable sentence" (Id.); (10) Ineffective assistance of counsel (Id., pp. 26 - 28.); (11) "Cumulative error which undermines the credibility of the conviction" (Id., pp. 28 - 19.); and (12) "The sentence imposed was wholly unreasonable in that it was predicated on conjecture, unfounded governmental claims, the impermissible breach of the stipulated drug quantity and/or firearms" (Id.). Accordingly, Movant requested that the Court "reduce the sentence imposed" or permit Movant to withdraw his guilty plea. (Id., p. 30.) By Proposed Findings and Recommendation entered on April 28, 2015, Judge VanDervort recommended that Movant's Section 2255 be dismissed as successive. (Id., Document No. 773.) Movant filed his Objections on May 11, 2015. (Id., Document No. 775.) By Memorandum Opinion and Order entered on May 29, 2015, Judge Faber adopted Judge VanDervort's recommendation and dismissed Movant's Section 2255 Motion as successive. (Id., Document No. 777 and 778.)

**11.      Fifth Section 3582 Motion:**

On June 6, 2014, Movant filed a Motion for Retroactive Application of Sentencing Guidelines regarding his Crack Cocaine Offense pursuant to 18 U.S.C. § 3582. (Id., Document No. 751.) On August 19, 2014, Movant filed a Memorandum in Support. (Id., Document No. 753.) By Memorandum Opinion and Order entered on March 28, 2016, the District Court denied Movant's Motion "for the reasons explained in the court's orders of April 27, 2010 and August

31, 2012." (Id., Document No. 788, fn. 2.)

**12.    Sixth Section 3582 Motion:**

On March 19, 2015, Movant filed his letter-form Motion for Reduction of Sentence. (Id., Document No. 767.) Movant explained that although "there were two previous drug amendment that were made retroactive," "I did not receive a reduction . . . because my guideline range after these amendments were applied did not alter my guideline range." (Id.) Movant argued that "now that Amendment 782 was made retroactive on November 1, 2014, the two previous amendments and this new amendment all apply to me." (Id.) By Memorandum Opinion and Order entered on June 11, 2015, the District Court appointed counsel to represent Movant and directed the United States to file a Response. (Id., Document No. 709.) The United States filed its Response to Movant's Motion on June 15, 2015 (Id., Document No. 780.) On July 20, 2015, Movant, by counsel, filed his Memorandum. (Id., Document No. 785.) By Memorandum Opinion and Order entered on March 28, 2016, the District Court granted Movant's Motion and reduced Movant's sentence on Count 24 to 315 months of imprisonment.[1] (Id., Document No. 788.) The District Court further directed that "[t]his sentence is to run concurrent with the sentences of 240 months imposed on each of Counts 7, 9, and 10." (Id.)

**13.    Request for Authorization to File a Successive Section 2255 Motion:**

Subsequently, Movant filed with the Fourth Circuit a "Motion for Authorization to File a Successive Motion Under 28 U.S.C. § 2255" pursuant to 28 U.S.C. § 2244 based upon Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). In re: William Haskins, Case No. 16-077 (4th Cir.). By Order entered on June 20, 2016, the Fourth Circuit granted

---

[1]  The District Court further ordered that Movant's "based offense level be reduced, resulting in

Movant's Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255. (Id., Document Nos. 796 and 797.)

**14.     Instant Section 2255 Motion:**

On June 20, 2016, Movant filed his *pro se* Motions to Vacate, Set Aside, or Correct Sentence by A Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Id., Document Nos. 798 and 799.) In support of his Section 2255 Motions, Movant alleges that he is entitled to relief based upon the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Id.) The Court appointed the Federal Public Defender to represent Movant to determine whether Movant may qualify for relief under Section 2255 in light of Johnson "and to present any petitions, motions or applications relating thereto to the Court for disposition."[2] (Id., Document No. 794.)

By Order entered on August 19, 2016, the undersigned directed Movant, by counsel, to file any supplemental brief in support of his Section 2255 Motion by September 20, 2016, and directed the United States to file its Answer by November 1, 2016. (Id., Document No. 803.) On September 20, 2016, Movant, by counsel, filed his "Supplemental Memorandum in Support of Motion to Correct Sentence Under 28 U.S.C. § 2255." (Id., Document No. 804.) Movant argues that under Johnson, Movant "is no longer a career offender because his prior conviction for unlawful wounding in West Virginia no longer qualifies as a crime of violence under any portion of the career offender definition." (Id.) In support, Movant explains that in Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague. (Id.) Movant, therefore, argues that "[i]t follows that the identical

a new total offense level of 35." (Criminal Action No. 1:95-00072, Document No. 788, p. 3.)

[2] The Order further stated that "[c]ounsel's representation pursuant to this appointment is limited

residual clause in the career offender provision, U.S.S.G. § 4B1.2(a)(2), is also void for vagueness." (<u>Id.</u>) Movant argues that he is entitled to relief under "Section 2255(h)(2) because *Johnson* establishes a 'new rule of constitutional law' that has been 'made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." (<u>Id.</u>) Thus, Movant concludes that his prior conviction does not trigger the application of the Section 4B1.1 career offender enhancement. (<u>Id.</u>) Movant argues that his prior conviction does not qualify as a crime of violence under the enumerated offenses or the force clause of the career offender provision. (<u>Id.</u>) Movant, therefore, argues that "in light of *Johnson*, [he] no longer qualifies as a career offender, and his current sentence violates due process of law in violation of 28 U.S.C. § 2255(a)." (<u>Id.</u>)

On October 26, 2016, the United States filed its Response to Movant's Section 2255 Motion. (<u>Id.</u>, Document No. 805.) First, the United States claims that Movant has not satisfied his burden of proving that <u>Johnson</u> made any difference in his original sentence. (<u>Id.</u>, pp. 5 – 7.) Second, the United States argues Movant's claims were not timely filed. (<u>Id.</u>, pp. 7 – 15.) Third, the United States contends that Movant "procedurally defaulted his claims and has not demonstrated good cause to excuse his default." (<u>Id.</u>, pp. 15 – 17.) Finally, the United States argues that <u>Johnson</u> does not apply on collateral review to Guideline issues. (<u>Id.</u>, pp. 17 – 23.)

Movant, by counsel, filed his Reply on November 29, 2016. (<u>Id.</u>, Document No. 806.) First, Movant argues that he "has no burden of production or persuasion to show that the district court relied exclusively on U.S.S.G. § 4B1.2(a)(2)'s residual clause in sentencing ["Movant"] as a career offender." (<u>Id.</u>, pp. 2 – 5.) Second, Movant contends that his Section 2255 Motion is timely because it was filed within one year of the Supreme Court's decision in <u>Johnson</u>. (<u>Id.</u>, pp.

to *Johnson* relief unless the presiding District Judge directs otherwise." (Document No. 794.)

6 – 7.) Third, Movant argues that "[p]rocedural default does not prevent [Movant] from raising a *Johnson* challenge in his § 2255 motion because he has cause for not making that 'novel' challenge at sentencing or during his direct appeal." (Id., pp. 7 – 9.) Fourth, Movant claims that "*Johnson* applies retroactively to the Guidelines." (Id., pp. 9 – 10.) Finally, Movant asserts that "[t]here is no waiver of collateral attack rights in this case." (Id., p. 10.)

On March 23, 2017, Movant, by counsel, filed his "Second Supplemental Memorandum in Support of § 2255 Motion to Correct Sentence" in light of the Supreme Court's decision in Beckles v. United States, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). (Id., Document No. 808.) Specifically, Movant argues that "*Beckles* applies only to the current advisory Guideline scheme." (Id.) Movant claims that because he was "sentenced before *United States v. Booker*, 543 U.S. 220 (2005), and the advent of advisory Sentencing Guidelines, *Beckles* does not resolve his pending § 2255 motion." (Id.) Movant stresses that "[i]n concluding that a defendant may not raise a vagueness challenge to the Guidelines, the [Beckles] Court repeatedly noted the advisory nature of the Guideline scheme under which Beckles was sentenced." (Id.) Movant explains that he was sentenced in 1996, when the Guidelines were mandatory. (Id.) Movant claims that "the mandatory Guideline scheme in place when [Movant] was sentenced did, in fact, 'fix' the sentence with the force of statute." (Id.) Movant, therefore, argues that the "basis for the Court's ruling in *Beckles* is inapposite to cases like [Movant's] where the sentence was imposed under a mandatory Guideline scheme." (Id.)

On June 19, 2017, the United States filed its Response to Movant's Supplemental Memorandum. (Id., Document No. 810.) First, the United States argues that Movant's Section 2255 is untimely. (Id.) The United States explains that "the Supreme Court has not itself extended *Johnson* to mandatory guidelines, and under § 2255(f)(3), the Supreme Court itself

must recognize the right that a defendant is asserting." (Id.) Second, the United States argues that Movant's vagueness challenge to the mandatory guidelines are procedurally defaulted because Movant did not raise the issue at sentencing, on direct appeal, or in two prior Section 2255 Motions. (Id.) Finally, the United States argues that the "mandatory guidelines are not subject to vagueness challenge." (Id.) The United States argues that in Beckles, the Supreme Court held that the Sentencing Guidelines are not subject to a void for vagueness challenge under the Due Process Clause. (Id.)

On July 6, 2017, Movant filed his Reply. (Id., Document No. 811.) (Id.) First, Movant argues that his Section 2255 Motion is timely and properly filed as a second or successive motion. (Id.) Second, Movant again asserts that his claims are not procedurally defaulted. (Id.) Finally, Movant argues that the mandatory Guidelines are subject to a vagueness challenge. (Id.) Citing Beckles, Movant argues that "the void for vagueness doctrine applies not only to 'laws that *define* criminal offenses,' but to 'laws that *fix the permissible sentences* for criminal offense.'" (Id.) Movant argues that the "mandatory Guidelines did just that" by prescribing the "sentence to be imposed in a criminal case" and setting "the minimum and maximum sentences authorized by law." (Id.) Thus, Movant concludes that "[i]t is incorrect to suggest that for a provision to be subject to a vagueness challenge, it must be a statute enacted by Congress." (Id.) Movant claims that "the mandatory Guidelines 'fix[ed] the permissible range of sentences.'" (Id.) Movant explains that the "Guidelines '[had] the force and effect of law,' because § 3553(b) mandated 'that the court 'shall impose a sentence of the kind, and with the range' established by the Guidelines, subject to departures in specific, limited circumstances.'" (Id.)

## ANALYSIS

The relevant portion of Section 2255 provides as follows:

13

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4ᵗʰ Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7ᵗʰ Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); See also United States v. Maybeck, 23 F.3d 888, 891 (4ᵗʰ Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657

(1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for <u>and</u> prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. <u>See</u> <u>Theodorou</u>, <u>supra</u>, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. <u>United States v. Richardson</u>, 195 F.3d 192 (4th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

> (1)     the date on which the judgment of conviction becomes final;
>
> (2)     the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;
>
> (3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f). In the instant case, Movant argues that Section 2255(f)(3) applies because the United States Supreme Court recognized a new right in <u>Johnson v. United States</u>, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) and <u>Welch v. United States</u>, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).<sup>3</sup> (<u>Id.</u>) In Response, the United States argues that Movant's

---

<sup>3</sup> The Fourth Circuit affirmed Movant's conviction and sentence on July 15, 1998, and his sentence became final 90 days later when he did not file a petition for writ of certiorari (October 14, 1998). Movant does not contend that his Section 2255 Motion is timely based upon Section 2255(f)(1), (2), or (4).

Section 2255 Motion is untimely. (Document No. 805, pp. 7 – 15.) Specifically, the United States asserts that Movant "cannot demonstrate that the Supreme Court has recognized the substantive right he asserts in his Johnson-based argument, that is, that the residual clause in USSG §4B1.2(a)(2) is unconstitutionally vague." (Id., p. 12.) The United States explains that in Johnson, the Supreme Court held that the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(b)(ii), is unconstitutionally vague. (Id., pp. 12 – 13.) The United States stresses that Movant is not challenging an ACCA sentence, but is challenging his status as a career offender under the United States Sentencing Guidelines. (Id.) Therefore, the United States concludes that Movant's claim based on Johnson cannot be viewed under § 2255(f)(3), because there simply is not a "new right" recognized by the Supreme Court. (Id.)

When a movant wishes to make a claim based on a decision by the United States Supreme Court after his conviction becomes final, the movant must show that the Supreme Court decision announced a new rule and that the new rule is retroactive to cases on collateral review. See Teague v. Lane, 489 U.S. 288, 308, 109 S.Ct. 1060, 1071, 103 L.Ed.2d 334 (1989). Specifically, to obtain the benefit of the limitations period stated in Section 2255(f)(3), a movant must establish the following: "(1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review;' and (3) that [the movant] filed his motion within one year of the date on which the Supreme Court recognized the right." United States v. Mathur, 685 F.3d 396, 398 (4th Cir. 2012).

In Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act

16

was unconstitutionally vague and "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year " that - - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii)(emphasis added). The italicized portion above is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." Id. On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

In the instant case, Movant does not contend that he was sentenced under the ACCA. Movant, however, argues that Johnson should be extended to career offenders sentenced under the "residual clause" of the Guidelines. Movant was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 because he had at least two qualifying prior convictions (a West Virginia conviction for unlawful wounding and a control substance offense). Movant, however, contends that his prior conviction for unlawful wounding no longer qualifies as a "crime of violence" under the "residual clause" of Section 4B1.2(a). Movant correctly notes that the "residual clause" in U.S.S.G. § 4B1.2(a) is textually identical to the "residual clause" of the ACCA (18

U.S.C. § 924(e)(2)(B)(ii)). U.S.S.G. § 4B1.2(a) defines "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year that – (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) is burglary of a dwelling, arson, or extortion, involves the use of explosive, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." U.S.S.G. § 4B1.2(emphasis added). The italicized portion above is known as the "residual clause" of Section 4B1.2. Identical to Section 4B1.2(a)'s "residual clause," the ACCA's "residual clause" defines "violent felony" as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Based upon the identical definitions of "crime of violence" in Section 4B1.2(a)'s "residual clause" and "violent felonies" in the ACCA's "residual clause," Movant argues that Johnson applies retroactively and the "residual clause" of Section 4B1.2(a) of the Guidelines is unconstitutionally vague.

Subsequent to the filing of Movant's Section 2255 Motion, the United States Supreme Court issued its decision in Beckles v. United States, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment in light of Johnson. Beckles v. United States, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). The Supreme Court specifically determined that the "residual clause" of Section 4B1.2(a) was not unconstitutionally vague because that "[u]nlike the ACCA . . . the *advisory* Guidelines do not fix the permissible range of sentences." Id.(emphasis added) The Supreme Court explained that the Guidelines "merely guide the exercise of a court's discretion

in choosing an appropriate sentence within the statutory range," and thus are not subject to a vagueness challenge. Id. Notwithstanding Beckles, Movant continues to argue that he is entitled to *habeas* relief. Movant explains that the "basis for the Court's ruling in *Beckles* is inapposite to cases like [Movant's] where the sentence was imposed under a mandatory Guideline scheme." Thus, Movant concludes that because he was "sentenced before *United States v. Booker*, 543 U.S. 220 (2005), and the advent of advisory Sentencing Guidelines, *Beckles* does not resolve his pending § 2255 motion." Therefore, Movant concludes that his Section 2255 Motion is timely under Section 2255(f)(3) and he should be resentenced based upon Johnson and Welch.

In United States v. Brown, 868 F.3d 297 (4th Cir. 2017), the Fourth Circuit specifically addressed this argument. In Brown, the petitioner requested the Court to "cobble together a right by combining *Johnson's* reasoning with that of two other Supreme Court cases, *Booker* and *Beckles*." Id. at 302. Specifically, Mr. Brown argued that the pre-*Booker*, mandatory "Sentencing Guidelines cabined a sentencing judge's discretion in a manner that raises the same concerns animating the Supreme Court's decision in *Johnson*; denying fair notice to defendants and inviting arbitrary enforcement by judges." Id. Mr. Brown then noted that "the *Beckles* Court carefully limited its holding to the advisory Sentencing Guidelines, thus, in his view, leaving open the question of whether defendants could challenge sentences imposed under the mandatory Sentencing Guidelines as void for vagueness." Id. The Fourth Circuit, however, concluded that Mr. Brown's argument was "self-defeating" because "[i]f the Supreme Court left open the question of whether Petitioner's asserted right exists, the Supreme Court has not 'recognized' that right." Id. The Fourth Circuit noted that Mr. Brown could only meet the AEDPA time bar if Supreme Court precedent rendered his motion timely by recognizing a new

right entitling him to relief. Id. at 299. The Fourth Circuit determined that "neither *Johnson*, nor *Beckles*, nor any other Supreme Court case" has yet recognized the specific right of a defendant to obtain relief that was sentenced as a career offender under a mandatory-Guideline regime. Id. The Fourth Circuit explained that "*Johnson* only recognized that ACCA's residual clause was unconstitutionally vague" and it did not touch upon the residual clause of the United States Sentencing Guidelines. Id. at 303. The Fourth Circuit noted that "the *Beckles* Court expressly declined to address the issue of whether the pre-*Booker* mandatory Sentencing Guidelines are amenable to void-for-vagueness challenges." Id. at 300. Specifically, the Fourth Circuit stated that "*Beckles* only recognized that the advisory Sentencing Guidelines are not amenable to vagueness challenges." Id. Thus, the Fourth Circuit determined that "*Beckles* confirms that the Supreme Court has yet to recognize a broad right invalidating all residual clauses as void for vagueness simply because they exhibit wording similar to ACCA's residual clause." Id. at 302. Accordingly, the Fourth Circuit determined that Mr. Brown "raise[d] an untimely motion in light of § 2255(f)(3)'s plain language, the narrow nature of *Johnson's* binding holding, and *Beckles's* indication that the position advanced by Petitioner remains an open question in the Supreme Court." Id. at 303.

Based upon the foregoing, the undersigned finds that Movant's Section 2255 motion should be dismissed as untimely. See Jerecki v. United States, 2018 WL 259396 (S.D.W.Va. Jan. 2, 2018)(J. Johnston)(finding that a *Johnson* claim filed by a petitioner, who was sentenced as a career offender under the mandatory U.S.S.G., was untimely under Section 2255(f)(3)); also see United States v. Harris, 2018 WL 1586431 (D.S.C. April 2, 2018)(finding that petitioner's 2255 motion seeking to attack his sentence imposed under the mandatory Guidelines based upon

*Johnson* and *Welch*, does not fall under the statute of limitations in Section 2255(f)(3)); United States v. Reyes, 2018 WL 1541983 (E.D. Va. March 29, 2018)(same). Furthermore, the undersigned finds that Movant fails to present any other basis for finding that his predicate offenses do not satisfy the criteria for career offender status that can be considered timely and appropriately asserted in the above proceedings.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion to Vacate, Set Aside, or Correct Sentence by A Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Document Nos. 798 and 799), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

21

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant and counsel of record.

Date: May 15, 2018.

Omar J. Aboulhosn
United States Magistrate Judge