**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD**

**WILLIAM HASKINS,**

    **Plaintiff,**

v.                                  **CIVIL ACTION NO. 1:16-05523
(Criminal Action No. 1:95-00072)**

**UNITED STATES OF AMERICA,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

By Standing Order, this matter was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings of fact and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1).  Magistrate Judge Aboulhosn submitted his Findings and Recommendation ("PF&R") to the court on May 15, 2018, in which he recommended that this court deny Haskins's motion under 28 U.S.C. § 2255 and remove this matter from the court's docket.  In so doing, Magistrate Judge Aboulhosn found that, pursuant to United States v. Brown, 868 F.3d 297, 304 (4th Cir. 2017), Haskins's motion was untimely.

In accordance with the provisions of 28 U.S.C. § 636(b), plaintiff was allotted fourteen days plus three mailing days in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendations.  On May 21, 2018, plaintiff, through counsel, filed objections to the magistrate judge's Findings and Recommendation.  In those objections, counsel for Haskins acknowledges that this court is bound by Fourth Circuit precedent but, in order to preserve the issue for appellate review, maintains that Brown was wrongly decided.

However, as Haskins concedes, this court is bound by the Brown decision.  See Adkins v. United States, Civil Action No. 2:16-cv-05725, 2018 WL 3715746, *1 (S.D.W. Va. Aug. 3, 2018) (Copenhaver, J.) (denying § 2255 motion as foreclosed by Brown because even though "the court recognizes the thoughtful analysis in movant's objections, the conclusion reached by the magistrate judge is in keeping with Fourth Circuit precedent").

For the foregoing reasons, plaintiff's objections are **OVERRULED**.  The court **ADOPTS** the findings and conclusions contained in Magistrate Judge Aboulhosn's PF&R, **DENIES** plaintiff's motion Under 28 U.S.C. § 2255 and **DIRECTS** the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing

standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.[*]

The Clerk is **DIRECTED** to send copies of this Memorandum Opinion and Order to counsel of record.

IT IS SO ORDERED this 6th day of March, 2019.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge

---

[*] The court acknowleges that <u>Brown</u> is contrary to decisions from several other federal appeals courts. <u>See, e.g.</u>, <u>Moore v. United States</u>, 871 F.3d 72, 82 (1st Cir. 2017). However, as another district court recently made clear in denying a certificate of appealability, "<u>Brown</u> is now settled law in this circuit". <u>Beckham v. United States</u>, 3:16-cv-470-GCM, 2018 WL 6018864, *2 (W.D.N.C. Nov. 16, 2018).  The <u>Beckham</u> decision noted:

> The Court recognizes that Chief Judge Gregory wrote a dissent in the Fourth Circuit's <u>Brown</u> decision arguing that the petitioner there should be entitled to relief under <u>Johnson</u> and <u>Beckles</u>. The Court also recognizes that Justice Sotomayor wrote a dissent in the Supreme Court's decision denying the petition for certiorari in <u>Brown</u>, in which Justice Ginsburg joined.  Nevertheless, the Court of Appeals' decision in <u>Brown</u> is binding. Whether this Court or other reasonable jurists may differ on whether <u>Brown</u> was correctly decided, it cannot reasonably be disputed that the holding of <u>Brown</u> is binding on this Court and on subsequent panels of the Court of Appeals.

<u>Id.</u>